# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LON'DRATIS DUPREE CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-00117 |
| ) | Judge Trauger |
| WILSON COUNTY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Lon'Dratis Dupree Clark, an inmate in the custody of the Wilson County Jail in Lebanon, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

The case is before the court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.     Application to Proceed IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

As explained below, the plaintiff has already been assessed a civil filing fee for the claims asserted here, upon a showing that he lacks sufficient funds to prepay the fee. *Clark v. Bryan*, *et al.*, No. 3:20-cv-00011, Doc. No. 5 (M.D. Tenn. Jan. 24, 2020) (Richardson, J.). The court therefore declines to assess an additional fee at this time.

## II. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the court "create a claim

which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B. Section 1983 Standard

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, the plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### C. Allegations and Claims

The sole defendant to this suit is Wilson County, against which the plaintiff claims negligence resulting in "imminent danger of serious physical injury" (Doc. No. 1 at 3), based on allegations that he previously presented to this court in Case No. 3:20-cv-00011. The plaintiff acknowledges that he filed a prior action against Wilson County Sheriff Robert Bryan and the Wilson County Jail that was dismissed, but states as follows: "I'm trying to appeal this because my life was endangered[,] I could have died, and something should be done about this instead of Wilson County getting away with this accident and their negligen[t] actions." (*Id.* at 10.) The accident the plaintiff refers to was described in the court's prior order, as follows:

> Plaintiff alleges that on the evening of November 16, 2019, he choked on a broken wooden stick that was left inside a corn dog served to him for dinner in his cell. Plaintiff choked, gagged, dry-heaved, and ultimately expelled the stick onto the

3

food tray. His cell mate called for help, and he was taken to the hospital, where he received medication to numb the pain in his throat and chest.

(Case No. 3:20-cv-00011, Doc. No. 5 at 3–4.)

In his current complaint, the plaintiff claims that the above-described act of "negligence on Wilson County's behalf" "deserve[s] some kind of compensation from the courts [such as] a 50,000-100,000 [dollar] settlement for damages to [his] throat and windpipe and pain and suffering. . . ." (Doc. No. 1 at 5.) He asserts his belief that "someone should be held responsible for [his] injuries," and his desire to "appeal dismissed case." (*Id.*)

**D.     Analysis**

The plaintiff's original lawsuit based on these allegations was filed IFP and dismissed upon initial screening by Judge Richardson on January 24, 2020, for failure to state a claim upon which relief may be granted. (Case No. 3:20-cv-00011, Doc. Nos. 5, 6.) Judge Richardson found that the plaintiff "expressly alleges that his injury was caused by negligence, not by deliberate indifference," and that he therefore "failed to state a constitutional claim in connection with his choking incident." (*Id.*, Doc. No. 5 at 4–5.) In addition, because the plaintiff's official-capacity claim against the Wilson County Sheriff was effectively a suit against the County itself, and no County policy or custom was alleged to have caused his injuries, Judge Richardson found that "even if Plaintiff's choking incident amounted to a constitutional violation on the part of some jail official, Wilson County—including Sheriff Bryan in his official capacity—would not be liable for that violation." (*Id.*, Doc. No. 5 at 5–6.)

Judgment was entered against the plaintiff in his prior case on January 24, 2020, pursuant to Federal Rule of Civil Procedure 58(a). (*Id.*, Doc. No. 6.) The plaintiff did not file a motion to alter or amend that judgment under Federal Rule of Civil Procedure 59(e), or a notice of appeal to the Sixth Circuit Court of Appeals. Instead, on February 6, 2020, the plaintiff filed a new action

by mailing his new complaint and IFP application to the court, without expressing any intent that these documents be associated with his prior filing.

The plaintiff's re-filed complaint is barred by the doctrine of res judicata. *See Johnson v. United States*, 37 F. App'x 754, 755 (6th Cir. 2002) (affirming sua sponte dismissal of prisoner case on res judicata grounds at initial screening). Because the initial case was filed in and judgment was rendered by this court, federal res judicata principles apply. *Remus Joint Venture v. McAnally*, 116 F.3d 180, 184 n.5 (6th Cir. 1997); *see also*, *e.g.*, *Oreck Direct, LLC v. Dyson, Inc.*, 544 F. Supp. 2d 502, 508 (E.D. La. 2008) ("The federal law of res judicata applies to federal judgments."). "Res judicata applies when there is: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Clemons v. Ohio Bureau of Workers' Comp.*, No. 17-4092, 2018 WL 1845871, at *1 (6th Cir. Mar. 8, 2018) (quoting *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009)).

All four requirements are met here. Because the instant action is brought IFP, the dismissal of the plaintiff's prior IFP filing under Section 1915(e) operates as a final decision on the merits. *Id.* (citing *Davis v. Butler County*, 658 F. App'x 208, 213 (6th Cir. 2016)) (noting that "dismissal under § 1915(e) operates as an adjudication on the merits . . . as to future complaints filed in forma pauperis"). The two actions are between the same parties or their privies,[1] and the issues in the current complaint were litigated in the prior action. Finally, even though in the current case the plaintiff has filed an addendum to his complaint asserting deliberate indifference rather than

---

[1] Although in the prior action the plaintiff did not name Wilson County as a defendant, by suing the Sheriff of Wilson County in his official capacity, he effectively sued the County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

5

negligence, in that his "jailers disregarded the risk [that corndogs would be served with sticks concealed inside] by failing to oversee and take reasonable measures to abate it" (Doc. No. 4 at 1), this change in legal theory does not change the facts underlying the causes of action and the proof required to establish them, which are the same; therefore, an identity of the causes of action exists. *Id.* at *2 (quoting *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992) ("Identity of causes of action means an identity of the facts creating the right of action and of the evidence necessary to sustain each action."), and *Nathan v. Rowan*, 651 F.2d 1223, 1228 n.8 (6th Cir. 1981) ("[T]he doctrine of res judicata necessarily applies to all matters, including new or different legal theories against the same parties. . . .")).

In short, "Plaintiff seeks to relitigate the dismissal of his earlier case, but allowing him 'to do so would be a waste of judicial resources and the precise situation that the doctrine of res judicata prohibits.'" *Jefferson v. Ferrer, Poirot & Wansbrough*, No. 3:10-00754, 2011 WL 5117789, at *3 (M.D. Tenn. Oct. 27, 2011) (quoting *Hanger Prosthetics & Orthotics East, Inc. v. Henson*, 299 F. App'x 547, 556 (6th Cir. 2008)). This action must be dismissed.

### III. Conclusion

In light of the foregoing, the plaintiff's application to proceed IFP (Doc. No. 2) is **GRANTED**, and this action is **DISMISSED** as barred by res judicata.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge